## Moore v. Green, et al.

(Decided October 17, 1924.)

### Appeal from Warren Circuit Court.

Mines and Minerals—Deposit by Lessee in Escrow Held Forfeited Because of His Failure to Drill Two Wells.—Under escrow agreement, providing that deposit of $1,000.00 made by lessee in oil lease should be returned to him after he commenced to drill and within 60 days, but also providing that it could only be returned after he had completed a second well, held that lessee was not entitled to return of deposit, after having drilled only one well, which was dry.

N. P. SIMS and SIMS & SIMS for appellant.

GAINES & GARDNER and THOMAS, THOMAS & LOGAN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Appellees · were adjudged to be the owners of $1,000.00 which was on deposit in the Citizens' National Bank of Bowling Green, Kentucky. From that judgment the appellant appeals.

The appellant induced the appellees to give him an oil and gas lease upon their land, but at the same time that lease was made the following paper was signed:

"This escrow agreement made and entered into by and between John B. Moore, party of the first part, and George Green and William Green, parties of the second part, all of Warren county, Kentucky, WITNESSETH, That the parties of the second part have executed to the party of the first part an oil and gas lease of even date herewith upon 700 acres of land, more or less, located in Warren county, Kentucky, near Bristow, for the period of *one* year, and the party of the first part has agreed in said lease to begin drilling a well thereon within 60 days from this date, and it is hereby agreed that the party of the first part is to put up in escrow with this agreement, his check for $1,000.00 payable to George and William Green, and in the event that the party of the first part fails to begin drilling a well upon said land embraced in said lease within 60 days from this date, then said $1,000.00 is to be forfeited to the said part-

ies of the second part as liquidated damages. This lease and check for $1,000.00 shall be deposited in escrow with the Citizens' National Bank, and it is further agreed that should the party of the first part begin to drill a well upon said land within 60 days, then said $1,000.00 check is to be delivered by said bank to the party of the first part, *after completion of second well* together with the oil and gas lease."

In due time the appellant began drilling and in a short time he had put down one well to the depth agreed in the lease. It proved to be a dry well, and appellant declined to drill any more wells. Thereupon the appellees brought this suit against Moore and the Citizens' National Bank, alleging that this $1,000.00 was to be paid to the appellees as liquidated damages for the appellant's failure to do further drilling, and the court so adjudged.

The question presented is simply this: When appellant failed to continue drilling after the first well was completed, was it the duty of the Citizens' National Bank to return to the appellees the lease only, or, was it the duty of the bank not only to return the lease to the appellees, but to also pay over to the appellees the $1,000.00 on deposit?

In other words, the appellant contends that this $1,000.00 was deposited as a guarantee that he would sink the first well and would begin it within sixty days. The appellees contend that it was deposited as a guarantee that he would drill two wells, and would begin the first well within sixty days.

Appellant made his answer a cross-petition against the Citizens' National Bank, and asked that the bank be required to pay him the $1,000.00. The lease contract is unusual in some respects. It doesn't provide for any bonus or rentals, and as the appellees were making a contract which did not give them anything for tying up their property, it was probably for that reason that this escrow agreement was entered into. There is no ambiguity about the contract. The agreement provides that this $1,000.00 shall be returned to appellant if he commences to drill within sixty days, but it also provides that it can only be returned to him after he has completed the second well. He never completed the second well; in fact, he never began it.

The parties to this contract contemplated that there would be some damages to the appellees should appellant fail to carry out his contract, and they had estimated that this damage would be $1,000.00. and had provided for the payment of this to the appellees.

We find no error in the record.

The judgment is' affirmed.